■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v APRIL LAWRENCE, Appellant. [595 NYS2d 764] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered July 5, 1990, convicting defendant on her plea of guilty to murder in the second degree and sentencing her to 16 years to life imprisonment, unanimously reversed, the plea is vacated, and the matter is remanded for further proceedings consistent herewith.

At the time of plea, defendant was 30 years old with a history of emotional disturbance. A year earlier she had gotten into a violent argument with the 16-year old victim over the latter's decision to terminate their homosexual relationship. The victim was stabbed 10-12 times, and shot four times at close range (three times in the head and once in the pubic area). When the deed was done, defendant disposed of the weapons and fled, voluntarily turning herself in to the police eight weeks later.

Charged with murder in the second degree, defendant was twice examined for mental competence to stand trial. The second examination found her mentally fit to proceed, and at that point, against the advice of counsel, she submitted a plea of guilty as charged in exchange for the sentence ultimately imposed.

At the plea allocution, defendant admitted swinging the knife and struggling over the victim's gun, but could not definitely recall stabbing the victim. Reluctant to accept the plea under such circumstances, the court pressed defendant on the details. But the best she could come up with was an admission that she had shot the victim in the course of the struggle, and the possibility that her swinging of the knife might have resulted in the fatal wounds. Consistent in her allocution, however, was her denial of any intention to kill, and her remorse for her lover's death.

The court never went into an explanation of intent. The closest defendant came to an admission of intent was when the court asked her this compound question: "It was your intention at that time and place by shooting her and stabbing her with a knife to kill [the victim] and there was no justification for that murder, is that right?" After defendant's consultation with counsel, the court repeated "What's the answer?", to which defendant responded "Yes." At that point, the court accepted the plea.

Establishment of the element of intent is absolutely essential to the acceptance of a plea in such a case (*People v Serrano,* 15 NY2d 304, 307; Penal Law § 125.25 [1]). This was particularly important here, where defendant's history of emotional disturbance, coupled with her attorney's statement on the record that the plea was against his advice, required the court to take pains to guarantee that the plea was fully understood and intelligently entered. When faced with equivocation on the formulation of intent, it is incumbent upon the court to establish that critical element by explanation to, and exploration with, the defendant. Absent such a dialogue, the court fails in its duty to ensure that the plea is made voluntarily, with knowledge and intelligence (*People v Hladky,* 158 AD2d 616, 619). Here, the court recognized the problem, but failed to make adequate explanation. Its subsequent inquiry was insufficient to cure the defect, and thus should have precluded the acceptance and entry of the plea (see, *People v Jimenez,* 73 AD2d 533).

The fact that defendant never made a post-allocution mo-

tion to withdraw the plea or vacate the judgment is not, in these narrow circumstances, fatal to her present challenge. Where a defendant's factual recitation *negates* an essential element of a crime pleaded to, and the court accepts that plea without making further inquiry to ensure that she understands the nature of the charge and that the plea is intelligently entered, the defendant may still challenge the sufficiency of the allocution on direct appeal *(People v Lopez,* 71 NY2d 662; *cf., People v Nightingale,* 181 AD2d 832). We believe the same rule should apply where the factual recitation *leaves unsatisfied* such an essential element. Concur— Murphy, P. J., Wallach, Ross and Asch, JJ.