OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered February 1, 2008, reversed, on the law, the plea vacated and the matter remanded for further proceedings.
The statements made by defense counsel on defendant’s behalf and in his presence during the plea proceedings, negating the intent element of the underlying governmental obstruction charge and reflecting counsel’s view that defendant was not “doing anything wrong” prior to his arrest, cast sufficient doubt on defendant’s guilt as to trigger the court’s obligation to make further inquiry of the defendant to ensure that defendant understood the nature of the charge and that the plea was intelligently entered (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Lawrence, 192 AD2d 332 [1993], Iv denied 81 NY2d 1075 [1993]; see and compare People v Goldstein, 12 NY3d 295 [2009] [defense counsel’s statements relied upon to establish voluntariness of guilty plea]). The court’s inquiry merely consisted of eliciting terse affirmative responses as to whether defendant was “in fact” guilty to the (unexplained) obstruction charge and whether defendant’s plea was voluntary and of his “own free will.” In this posture, and taking into account the plea proceedings as a whole, it cannot be said that defendant’s guilty plea was knowingly, voluntarily and intelligently made. We note that defendant’s persuasive challenge to the sufficiency of the plea allocution is properly reviewable on direct appeal (see People v Lopez, 71 NY2d at 666).
McKeon, EJ., Schoenfeld and Heitler, JJ., concur.