THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DIAZ, Appellant. [937 NYS2d 225]—

Defendant did not preserve his challenge to the voluntariness of his guilty plea, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. While the duty to advise a defendant of the possibility of

deportation before accepting a plea of guilty is imposed on the trial courts by statute (CPL 220.50 [7]), the court's "failure to do so does not affect the voluntariness of a guilty plea" (*People v Ford*, 86 NY2d 397, 404 n [1995]). Here, the court told defendant, "if you're not here legally or if you have any immigration issues these felony pleas could adversely affect you." This warning sufficed to apprise defendant that the consequences of his guilty plea extended to his immigration status.

Contrary to defendant's argument, the duties of a trial court upon accepting a guilty plea are not expanded by *Padilla v Kentucky* (559 US —, 130 S Ct 1473 [2010]), which deals exclusively with the duty of defense counsel to advise a defendant of the consequences of pleading guilty when it is clear that deportation is mandated. We note that the issue of the effectiveness of trial counsel's representation based on his failure to advise defendant that the plea mandated deportation is not before us, having been resolved by an order of the motion court finding that as a result defendant sustained no prejudice (*Hill v Lockhart*, 474 US 52, 59 [1985]; *Strickland v Washington*, 466 US 668, 694 [1984]), from which leave to appeal to this Court has been denied. Contrary to defendant's additional contention, nothing in the court's allocution misleadingly suggested that defendant would not be deported as a result of pleading guilty (*see e.g. Zhang v United States*, 506 F3d 162, 169 [2d Cir 2007]). Concur—Tom, J.P., Friedman, Freedman, Richter and Manzanet-Daniels, JJ.