■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLIN HALEY, Appellant. [946 NYS2d 678]—

Malone Jr., J. Appeal, by permission, from an order of the County Court of Rensselaer County (Ceresia, J.), entered February 18, 2011, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated, without a hearing.

In December 2002, defendant, a native of Guyana who has been a lawful resident of the United States since 1983, pleaded guilty to the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated. In 2010, the Department of Homeland Security notified defendant that removal proceedings had been commenced as a result of his conviction of aggravated unlicensed operation of a motor vehicle in the first degree, as well as his two prior convictions of petit larceny in 1993 and 1999 (see 8 USC § 1227 [a] [2] [A] [ii]). Defendant then immediately moved, pro se, to vacate the judgment convicting him of aggravated unlicensed operation of a motor vehicle in the first degree on the basis that, among other things, his counsel had been ineffective for failing to advise him of the immigration consequences of pleading guilty to that crime. County Court assigned counsel, who filed supplemental motion papers. Then, without conducting a hearing, the court denied the motion. Defendant now appeals, by permission of this Court.

County Court did not abuse its discretion by denying defendant's motion without a hearing on the basis that the motion was procedurally defective. Although defendant's arguments exclusively pertain to matters entirely outside the record, neither the pro se motion papers nor the supplemental motion papers submitted by counsel contained "sworn allegations substantiating or tending to substantiate all the essential facts" underlying his claims (CPL 440.30 [4] [b]; see People v Leonard, 63 AD3d 1278, 1278 [2009], lv denied 13 NY3d 797 [2009]; People v Murray, 25 AD3d 911, 912 [2006], lv denied 6 NY3d 896 [2006]).

Even if we were to find defendant's motion papers to be sufficient, we would still find that County Court did not abuse its discretion by denying the motion without a hearing. In order to

successfully assert an ineffective assistance of counsel claim under the US Constitution, defendant must demonstrate that counsel's performance was deficient and that such performance prejudiced defendant (*see Strickland v Washington,* 466 US 668, 687 [1984]). Further, assuming, arguendo, that the recent US Supreme Court case, *Padilla v Kentucky* (559 US —, 130 S Ct 1473 [2010]), is appropriately applied retroactively,* the record before us reflects that, at the time that defendant pleaded guilty in 2002, he had been previously twice convicted of petit larceny, which convictions rendered defendant a "deportable alien[ ]" according to federal law as early as 1999 (*see* 8 USC § 1227 [a] [2] [A] [ii]). Thus, regardless of whether defendant pleaded guilty to the charges in 2002, had been found guilty after trial or had been acquitted, his status as a deportable alien would not have been affected. Accordingly, the alleged failure of defendant's counsel to inform him of the immigration consequences of his guilty plea in 2002 did not prejudice defendant in any way.

In light of this conclusion, we need not address defendant's remaining contention.

Peters, P.J., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed.

---

* Apparently, no appellate court in this state has directly addressed this issue and the trial courts are split in their decisions (*see People v Marino-Affaitati,* 88 AD3d 742, 744 [2011], *lv denied* 18 NY3d 995 [2012]; *see also People v Coelho,* 31 Misc 3d 1230[A], 2011 NY Slip Op 50913[U] [2011]; *People v Gasperd,* 33 Misc 3d 1228[A], 2011 NY Slip Op 52147[U] [2011]). Because the issue is not directly before this Court, we will not make any determination in this regard.