■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEJESUS PAYAMPS, Also Known as PAYAMPS TAVERES DEJESUS, Also Known as DEJESUS TAVARAS-PAYAMPS, Appellant. [960 NYS2d 430]—

Judgment, Supreme Court, Bronx County (James M. Kindler, J., at plea; Peter J. Benitez, J., at sentencing), rendered August 9, 2010, convicting defendant of criminal sale of a controlled substance in the second degree, and sentencing him to a term of three years, unanimously affirmed.

Defendant did not preserve his challenge to the voluntariness of his guilty plea, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The court's failure to advise defendant of the possibility of deportation did not affect the voluntariness of the plea (*see People v Ford*, 86 NY2d 397, 404 n [1995]). *Padilla v Kentucky* (559 US 356 [2010]) neither declares deportation to be a direct consequence for plea allocution purposes nor expands the duties of a court upon accepting a plea from a noncitizen (*People v Diaz*, 92 AD3d 413 [2012], *lv granted* 19 NY3d 972 [2012]). Moreover, in this case the record reflects that defense counsel advised defendant of the deportation consequences of the plea. Concur—Andrias, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.