Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered November 13, 2008, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth and seventh degrees, and sentencing him to concurrent terms of one year, unanimously affirmed. Order, same court and Justice, entered on or about May 15, 2011, which denied defendant’s CPL 440.10 motion to vacate the judgment, unanimously reversed, on the law, and the motion remanded for further proceedings in accordance with this memorandum.
Initially, we note that the People do not dispute the applicability, to defendant’s CPL 440.10 motion, of Padilla v Kentucky (559 US 356 [2010]), which was decided while defendant’s direct appeal was pending.
The motion court erred in holding that it was “constrained,” by People v Diaz (7 NY3d 831 [2006]), to deny defendant’s Padilla-based motion to vacate his conviction because defendant had been deported and was no longer within the court’s jurisdiction. Defendant’s physical inability to appear in court was not a proper basis for failing to entertain the motion (see People v Ventura, 17 NY3d 675 [2011]). We take no position on the merits of defendant’s motion.
With regard to the direct appeal, defendant has not shown any basis for reversal of the judgment of conviction. Concur— Gonzalez, EJ., Tom, Sweeny, Renwick and Richter, JJ.