OPINION OF THE COURT
Richard M. Weinberg, J.
Defendant was originally charged with the B felony of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and the B felony of criminal possession of a controlled substance in the third degree (intent to sell) (Penal Law § 220.16 [1]). On January 26, 2007, he pleaded guilty, under a superior court information, to the lesser charge of criminal sale of a controlled substance in the fourth degree (Penal Law § 220.34 [1]), in exchange for a promised non-jail sentence of five years of probation, including interim probation supervision. Defendant subsequently failed to appear for sentencing and a bench warrant was ordered on March 16, 2007. More than five years later, on August 28, 2012, defendant was taken into custody by United States Immigration and Customs Enforcement. He was returned to Supreme Court on a writ on December 12, 2012.
Defendant now moves to withdraw his 2007 guilty plea pursuant to CPL 220.60. He argues that his plea was not a knowing, intelligent and voluntary plea because he did not received the effective assistance of counsel pursuant to the standard articulated in Padilla v Kentucky (559 US 356 [2010]). Defendant claims that his attorney failed to advise him of the deportation consequences of pleading guilty to criminal sale of a controlled substance in the fourth degree. He further claims that he has been prejudiced by his attorney’s conduct because he now faces deportation proceedings. Defendant argues that Padilla retroactively applies to his case because the case is “not final on direct review.”
*353 Prior to Padilla, the immigration consequences of a plea were considered collateral and, absent affirmative misadvice, the failure to advise a defendant of those immigration consequences neither rendered counsel’s performance deficient nor made the plea involuntary. (See People v Ford, 86 NY2d 397 [1995]; People v McDonald, 1 NY3d 109 [2003].) Padilla, decided in 2010, makes clear that professional norms now require that a defense attorney advise his client on the immigration consequences of a plea. The Padilla ruling applies retroactively only to cases which had not yet become final prior to the Padilla decision. (Chaidez v United States, 568 US —, 133 S Ct 1103 [2013].) A case is final when a judgment of conviction has been rendered and the availability of appeal exhausted. (Griffith v Kentucky, 479 US 314 [1987].)
In the instant case, there has been neither judgment entered nor availability of appeal exhausted. Accordingly, defendant argues, he is entitled to the retroactive application of the new Padilla rule to his case. While this may be a technically correct argument, it overlooks the essential fact that defendant’s case would have been final prior to Padilla but for the defendant’s wrongful failure to appear for sentencing in 2007. To apply the Padilla standard to defendant’s case would be to reward defendant for his own misconduct. Such a result runs afoul of the equitable principle that “[n]o one shall be permitted to profit by his own fraud, or to take advantage of his own wrong.” (Campbell v Thomas, 73 AD3d 103, 116 [2d Dept 2010], quoting Riggs v Palmer, 115 NY 506 [1889].) Pursuant to this common-law doctrine of “forfeiture by wrongdoing” (see Giles v California, 554 US 353, 359 [2008]), which has been applied in both civil and criminal cases, the wrongdoer is deemed to have forfeited the benefit that would flow from his wrongdoing. (Campbell v Thomas, citing Diaz v United States, 223 US 442, 458 [1912] [“Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong”].)
Pursuant to this doctrine, courts have held that, where a defendant engages in conduct designed to prevent a witness from testifying, he is deemed to have forfeited his right to confrontation and the absent witness’s statements have been admitted into evidence. (See Giles v California; People v Geraci, 85 NY2d 359 [1995].) Similarly, where a criminal defendant deliberately leaves a courtroom during trial, he is deemed to have forfeited his right to be present at trial. (See People v Sanchez, 65 NY2d 436 [1985].) In another case, defendant absconded after plead *354 ing guilty in 1982 and was not sentenced until 2002. In 1986, a statutory amendment lessened the penalty for defendant’s crime. The Court held that, although a defendant who has not yet been sentenced is generally entitled to the benefit of such an amendment, defendant was found to have forfeited that benefit by his wrongful conduct. (People v Allen, 309 AD2d 624 [1st Dept 2003], lv denied 1 NY3d 567 [2003].) And in People v Ortega (12 Misc 3d 1182 [2006]), defendant was deemed to have forfeited his right to reopen a suppression hearing based on exculpatory impeachment evidence which came to light after defendant had absconded.
In the instant case, to grant defendant the benefit of the new rule announced in Padilla would be to reward him for his own wrongful conduct. This court refuses to do so. Defendant, by his own wrongdoing, has forfeited the right to any retroactive application of Padilla based on the fact that his case is not yet final on direct review.
To prevail on an ineffective assistance of counsel claim, defendant must show that counsel’s performance was deficient, that is, it was unreasonable under the prevailing professional norms at the time of representation. Defendant must also show that this deficient performance prejudiced the defendant. (Strickland v Washington, 466 US 668 [1984]; People v McDonald, 1 NY3d 109 [2003].) Failure to establish either deficient performance or prejudice is fatal to defendant’s motion.
As noted above, prior to Padilla, the immigration consequences of a plea were considered collateral and the failure to advise a defendant of those immigration consequences neither rendered counsel’s performance deficient nor made the plea involuntary. Defendant’s plea was entered in 2007. Assuming, for purposes of this motion, that plea counsel did not advise defendant of the immigration consequences of his plea, counsel’s performance at the time of the plea still comported with the then prevailing professional norms.
Furthermore, even if the court were to retroactively apply Padilla to defendant’s claim of ineffective assistance of counsel, defendant’s claim would still fail because defendant does not establish that he was prejudiced by counsel’s representation. According to the notice to appear for removal proceedings issued by the United States Department of Homeland Security to defendant on August 29, 2012, defendant is facing deportation proceedings solely based on his status as a person who had illegally entered this country. (See exhibit 9 attached to the *355 People’s response.) This status preceded defendant’s conviction. Defendant was already subject to deportation when he entered his guilty plea. This plea neither changed defendant’s status nor has it been used against him. Accordingly, even if defendant could establish that plea counsel’s performance was deficient, he has failed to establish that he has been prejudiced by that performance.
Defendant’s motion to withdraw his guilty plea based on the ineffective assistance of counsel is hereby denied.