OPINION OF THE COURT
Elisa S. Koenderman, J.
The defendant, Alejandro Bonilla, moves pro se[1] pursuant to Criminal Procedure Law § 440.10 (1) (h) to vacate his judgment of conviction of sexual abuse in the first degree (Penal Law § 130.65 [3]) on the ground that it was obtained in violation of his right to the effective assistance of counsel. Specifically, he contends that his attorney failed to advise him regarding the immigration consequences of his guilty plea and that had he been so advised, he would not have pleaded guilty but *896 insisted upon going to trial. Because the defendant has been removed from the United States[2] and is “unavailable to obey the mandate of this [c]curt” (People v Diaz, 7 NY3d 831, 832 [2006]), the defendant’s motion is dismissed (see id.; see also People v Sevencan, 87 AD3d 710 [2d Dept 2011]; cf. People v Ventura, 17 NY3d 675 [2011]; People v Badia, 106 AD3d 514 [1st Dept 2013]). As an alternative holding, the defendant’s motion is denied without a hearing pursuant to CPL 440.30 (4) (d).
In Diaz, the Court of Appeals exercised its discretion to dismiss without prejudice the appeal of a defendant who was absent from the jurisdiction because he had been involuntarily deported. Likewise, in Sevencan, the Appellate Division, Second Department, dismissed the appeal of a defendant who had been deported and was no longer available to obey the mandate of the court. In Ventura, however, the Court of Appeals declared that while it is within its purview as a court of permissive appellate jurisdiction to dismiss an appeal on such grounds, “[a]s a matter of fundamental fairness, all criminal defendants shall be permitted to avail themselves of intermediate appellate [review]” (17 NY3d at 682). It found that the policy concern that “courts should not aid in the deliberate evasion of justice through continued consideration of appeals” is not present where a defendant has been involuntarily deported (id. at 679-680). The court noted that such a defendant “lack[s] the scornful or contemptuous traits that compel courts to dismiss appeals filed by those who elude criminal proceedings” (id. at 680). Indeed, it opined that such a defendant has “a greater need to avail [himself] of the appellate process in light of the tremendous ramifications of deportation” (id.). Furthermore, the court determined that “the perceived inability to obey the mandate of the court” is not involved in an intermediate appeal since “disposition of the discrete appellate issues would result in either an affirmance or outright dismissal of the conviction[ ]” (id. at 682). Accordingly, it reversed and remitted to the Appellate Division for review on the merits two appeals which had been *897 dismissed because the defendants were involuntarily deported (id.).
In contrast to Ventura, since the defendant here has filed a motion to vacate judgment, his right to appeal is not implicated. A motion to vacate judgment is not a substitute for a direct appeal and is only available where sufficient facts do not appear on the record to permit review on direct appeal (see People v Cooks, 67 NY2d 100, 103-104 [1986]; CPL 440.10 [2] [a], [b], [c]; see also People v Wells, 288 AD2d 408, 409 [2d Dept 2001]; People v Fontana, 267 AD2d 398, 399 [2d Dept 1999]). Appropriately, the defendant’s instant claim that his attorney failed to advise him about the immigration consequences of his plea is based upon off-the-record communications with his plea counsel. Moreover, unlike an appeal resulting in either affirmance or dismissal of the conviction, disposition of the defendant’s motion would necessitate his “continued legal participation” (Ventura, 17 NY3d at 682). Not only would the defendant have the right to be present at any evidentiary hearing ordered on his motion (see People v Michael, 16 Misc 3d 84, 87 [App Term, 2d Dept 2007]), he would have the right to be present at all material stages of trial should the motion be granted and the charges reinstated against him (see People v Roman, 88 NY2d 18, 25-26 [1996]).
A defendant’s right to be present at a criminal trial is guaranteed by the Confrontation and Due Process Clauses of the New York State and Federal Constitutions (see People v Dokes, 79 NY2d 656, 659 [1992]; People v Epps, 37 NY2d 343, 345 [1975]), as well as by statute, which requires that a “defendant must be personally present” at trial (CPL 260.20). The right to be present encompasses “the impaneling of the jury, the introduction of evidence, the summations of counsel, and the court’s charge to the jury” (Dokes, 79 NY2d at 659). Further, due process demands that a defendant be present “whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge” (id. [citations omitted]). The right to be present therefore “extends to every ancillary proceeding that is a material stage of the trial” (Roman, 88 NY2d at 25 [internal quotation marks omitted]). A material stage is one “in which a defendant’s presence could have a substantial effect on his or her ability to defend against the charges” (id. [internal quotation marks, brackets and citations omitted]). Thus, a defendant has the right to be present at proceedings to which he “can potentially contribute” or where *898 his presence is “useful in ensuring a more reliable determination” (id.). A defendant’s “personal knowledge of relevant factual matters [is] among the most important factors in determining whether the right to be present is applicable to a particular proceeding” (People v Favor, 82 NY2d 254, 264 [1993]).
For example, a defendant has the right to be present at a pretrial suppression hearing since “[he] alone may be able to inform his attorney of inconsistencies, errors and falsities in the testimony of the officers or other witnesses” (Dokes, 79 NY2d at 659). Likewise, a defendant has the right to be present at a pretrial hearing on the use of his prior bad acts (see id. at 660; Favor, 82 NY2d at 267), as well as at sidebar conferences with prospective jurors regarding their ability to be fair and impartial (see People v Antommarchi, 80 NY2d 247, 250 [1992]). In contrast, a defendant does not have the right to be present at proceedings which involve only “questions of law, procedure or ministerial matters” (Favor, 82 NY2d at 264). Consequently, a defendant need not be present at a sidebar conference with prospective jurors regarding their ability to serve due to physical impairment, family obligation or work commitment (see Antommarchi, 80 NY2d at 250) or at a pre-charge conference concerning scheduling and the court’s final instructions to the jury (see Dokes, 79 NY2d at 660, citing People v Velasco, 77 NY2d 469 [1991]).
Here, because the defendant’s claim is based upon dehors the record discussions with his plea counsel, his presence at a hearing on his motion to vacate judgment would have a useful and substantial benefit (see Dokes, 79 NY2d at 662).[3] Indeed, the defendant would be expected to testify regarding the contents of his affidavit in support of his motion. Regardless, given the defendant’s “peculiar knowledge” (id. at 660) of the factual matters at issue, i.e., the substance of his communications with his plea counsel, the defendant’s presence would be essential to cross-examination of witnesses.
Nevertheless, a defendant may waive the right to be present (see Epps, 37 NY2d at 350). Relinquishment of the right must be knowing, intelligent and voluntary, however (see id.). The validity of a waiver of the right to be present, whether express or implied, “must be tested according to constitutional standards” *899 (People v Parker, 57 NY2d 136, 140-141 [1982]). Waiver may not be inferred from the mere failure of a defendant to appear {see id. at 141). A defendant must be informed of the nature of the right to be present and the consequences of a failure to appear for a waiver to be valid {see id.).
Here, the defendant’s inability to appear is not volitional. In fact, he is unable to appear because he has been deported from the United States as a result of an order of removal. Because he has no control over his ability to appear and therefore no choice about whether to appear, he would be unable to demonstrate that the waiver of his right to be present is voluntary (cf. Epps, 37 NY2d at 350 [where there is a waiver of the right to be present by an incarcerated defendant, “it will be suspect and subjected to careful examination”]).
Finally, as distinct from Ventura, which involved convictions after trial, the defendant here entered a negotiated guilty plea. As part of that plea, the defendant executed a written waiver of both his right to appeal and to file postjudgment motions. The defendant acknowledged that he had discussed the waiver with his attorney, and that he understood that by signing it, he was giving up his right to claim error in the plea or sentence proceeding. Accordingly, under all of the facts and circumstances, dismissal of the motion is an appropriate exercise of the court’s discretion (cf. Badia, 106 AD3d at 514 [motion court erred in holding that it was “constrained” to deny defendant’s motion to vacate his conviction because he had been deported]).
In any event, the allegations of fact essential to sustain the motion are made solely by the defendant, are unsupported by any other evidence, are contradicted by the court record, and under all of the circumstances are not reasonably possible to be true {see CPL 440.30 [4] [d]). Moreover, the defendant is unable to demonstrate that he was prejudiced by his attorney’s alleged error (see Strickland v Washington, 466 US 668, 693 [1984]). Accordingly, as an alternative holding, the defendant’s motion is denied on the merits.
On December 12, 2011, under oath, the defendant waived prosecution by indictment and pleaded guilty, under a superior court information, to sexual abuse in the first degree, a class D felony, in exchange for a promised sentence of one year in jail. During the plea allocution, the defendant acknowledged that he had discussed pleading guilty with his attorney and that no one had forced or threatened him to plead guilty or promised him anything in exchange for his guilty plea. Further, the defendant *900 averred that he was pleading guilty freely and voluntarily, and that he understood that by pleading guilty he was giving up his constitutional rights to a jury trial, to confront the witnesses against him and to have the prosecution prove his guilt beyond a reasonable doubt at trial. The defendant also acknowledged that he was pleading guilty because he was guilty and admitted that on or about September 17, 2011, in Queens County, he “subjected] [E.R.], who [was] less than 11 years old, to [sexual] contact by rubbing her vagina with [his] hand.”
The court additionally asked the defendant whether he understood that “if you are not a citizen, a plea of guilty may subject you to involuntary deportation,” to which the defendant replied “yes.” The defendant then acknowledged that after discussion with his plea counsel, he executed a written waiver of his right to appeal the instant conviction and that he understood that by doing so he was giving up his right to complain to a higher court that there was error in the plea or sentence proceeding.[4] The waiver of right to appeal and other rights, signed by the defendant, further states that “I also understand that if I am not a U.S. citizen, my plea may result in my deportation, exclusion from admission to the U.S., or denial of naturalization, and I wish to enter into the plea agreement notwithstanding any immigration or deportation consequence.” Now, relying on Padilla v Kentucky (559 US 356 [2010]), the defendant claims that his attorney was ineffective because she failed to advise him about the immigration consequences of his guilty plea and contends that he “would have insisted on going to trial . . . but for counsel’s failure to properly advise him.” Thus, he asks the court to vacate his judgment of conviction.
The defendant has offered nothing but his own self-serving declarations in support of his claim that his attorney failed to advise him about the immigration consequences of his conviction. Conspicuously absent is an affidavit from the defendant’s plea counsel to corroborate his allegations. Moreover, the defendant’s contention that he was unaware of the immigration consequences of pleading guilty is controverted by the record. When asked by the court whether he understood that his plea of guilty might subject him to involuntary deportation, the defendant, under oath, answered “yes.” Further, the waiver of *901 right to appeal and other rights, which the defendant admitted signing after conferring with his attorney, specifically states that the defendant understood that his guilty plea might result in his deportation.
Independent and irrespective of his plea counsel’s advice, the court complied with its statutory obligation to notify the defendant about the possibility of deportation before accepting his plea (see People v Diaz, 92 AD3d 413, 413-414 [1st Dept 2012]; CPL 220.50 [7]). Because the court’s warning “sufficed to apprise defendant that the consequences of his guilty plea extended to his immigration status,” the defendant cannot show that he was prejudiced by his attorney’s performance (Diaz, 92 AD3d at 414; People v Figari, 40 Misc 3d 1232[A], 2013 NY Slip Op 51369[U] [Sup Ct, Bronx County 2013]; United States v Bhindar, 2010 WL 2633858, 2010 US Dist LEXIS 65421 [SD NY 2010]).
Finally, regardless of the defendant’s conviction, the defendant remains a deportable or inadmissible alien[5] (see People v Haley, 96 AD3d 1168, 1169 [3d Dept 2012]; Figari, 2013 NY Slip Op 51369[U], *7; People v Diaz, 41 Misc 3d 351 [Sup Ct, NY County 2013]). The defendant would be hard-pressed to demonstrate, therefore, that there is a reasonable probability that but for his attorney’s error, the result here would be any different (see Strickland, 466 US at 694; Padilla, 559 US at 366-369; People v McDonald, 1 NY3d 109, 113-114 [2003]; Haley, 96 AD3d at 1169; Figari, 2013 NY Slip Op 51369[U], *7; cf. People v Picea, 97 AD3d 170 [2d Dept 2012]).
In sum, the defendant’s claim is made solely by him, is unsupported by any other evidence, and under all of the circumstances, is not reasonably possible to be true (see CPL 440.30 [4] [d]; see also People v Taylor, 211 AD2d 603 [1st Dept 1995]; People v Smiley, 67 AD3d 713, 714 [2d Dept 2009] [defendant’s motion to vacate judgment properly denied without a hearing where defendant’s self-serving allegations are “not supported by any other affidavit or evidence, and under all the circumstances attending the case, there is no reasonable possibility *902 that such allegations are true”]; People v Passino, 25 AD3d 817, 818-819 [3d Dept 2006] [defendant’s motion to vacate judgment on the ground that his counsel provided inadequate representation properly denied where “[t]he sole proof submitted in support of defendant’s motion was his own affidavit, and it contained only conclusory allegations, most of which were contradicted by his plea allocution”]; People v Woodard, 23 AD3d 771, 772 [3d Dept 2005] [defendant’s motion to vacate judgment properly denied without a hearing where the “defendant’s affidavit, the sole proof submitted in support of his motion, contained only conclusory generic allegations”]; People v Sayles, 17 AD3d 924, 924-925 [3d Dept 2005] [defendant’s motion to vacate judgment properly denied without a hearing where “defendant’s self-serving and conclusory affidavit is directly contradicted by the record evidence”]; People v Kennedy, 46 AD3d 1099, 1101 [3d Dept 2007]; see also People v Toal, 260 AD2d 512 [2d Dept 1999]). In any event, the defendant cannot demonstrate that he was prejudiced by any deficiency in his attorney’s representation (see Strickland, 466 US at 693).
Accordingly, since the defendant has been deported and no longer is available to obey the mandate of the court, his motion to vacate judgment is dismissed. As an alternative holding, the motion is denied without a hearing.

. The defendant did not request that an attorney be assigned to represent him as a poor person for the purposes of filing the instant motion.

. The People’s supplemental affirmation, dated June 18, 2013, states that
“on November 26, 2012 . . . the defendant was found to be an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. The Department of Homeland Security ordered the defendant’s removal from the United States.”
The affirmation further states that “on February 11, 2013, the defendant was deported to El Salvador.”

. This is particularly true here since the defendant has moved pro se for the requested relief. The defendant would be entitled, however, to have an attorney assigned to represent him at any future proceedings.

. The written “Waiver of Right to Appeal and Other Rights” also includes a waiver of the “right to file motions to vacate my conviction and set aside my sentence under CPL Article 440.” Although the motion may be deniable on this basis, the court has determined to address it on the merits.

. The notice to appear filed by the Department of Homeland Security against the defendant indicates that the defendant is subject to removal from the United States as “an alien present in the United States without being admitted or paroled” in that he “is not a citizen or national of the United States” but “is a native of El Salvador and a citizen of El Salvador” who “arrived in the United States at an unknown place, on an unknown date” and “at a time or place other than as designated by the Attorney General.”