[997 NYS2d 213]

The People of the State of New York, Respondent, v Marino Serrano, Appellant.

Supreme Court, Appellate Term, Second Department,
2d, 11th and 13th Judicial Districts, September 29, 2014

### APPEARANCES OF COUNSEL

*Steven Banks, The Legal Aid Society*, New York City (*Amy Donner* of counsel), for appellant.

*Kenneth P. Thompson, District Attorney*, Brooklyn (*Leonard Joblove* and *Joyce Slevin* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

Motion by respondent to dismiss the appeal on the ground that defendant has been deported and is unavailable to obey the mandate of the court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is ordered that the motion is granted, and the appeal is dismissed without prejudice to a motion to reinstate the appeal should defendant return to this court's jurisdiction.

On July 26, 2009, defendant, while driving a van on Surf Avenue in Kings County, sideswiped a parked vehicle. Defendant did not stop. Shortly thereafter, he was apprehended. The accusatory instrument indicated that the arresting officer had observed defendant exhibit signs of intoxication—slurred speech, red and watery eyes, the odor of an alcoholic beverage on his breath, and an unsteady gait. Defendant was charged, among other things, with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]).

On March 8, 2010, defendant pleaded guilty to the two charges. During the plea allocution, neither the Criminal Court, defendant, nor his counsel, in any manner or form, discussed the constitutional rights defendant was waiving by pleading guilty, and whether he understood that he was waiving those rights. The court asked defendant whether he wished to plead guilty to the two charges, if he understood that he was pleading guilty because he was guilty of the charges, and whether he was pleading guilty of his "own free will." Defendant answered those questions in the affirmative. Defendant agreed to enroll in an alcohol rehabilitation program. The court agreed to sentence him to a conditional discharge, a fine, and a license suspension if he successfully completed the program.

Defendant failed to complete the program. On March 7, 2011, defendant was sentenced to a term of 30 days of incarceration, his driver's license was suspended for six months, and a surcharge and fee in the total amount of $395 was imposed. It is undisputed that defendant has served his sentence.

On appeal, defendant contends that his plea was insufficient since the court failed to advise him of his constitutional rights, in accordance with *Boykin v Alabama* (395 US 238 [1969]), and that the issue is reviewable on direct appeal pursuant to *People v Tyrell* (22 NY3d 359 [2013]). The People contend that defendant failed to preserve the issue for appellate review by moving to withdraw his plea pursuant to CPL 220.60 (3), or to vacate the judgment of conviction pursuant to CPL 440.10. The People further contend that *Tyrell* should not apply in this case because defendant could have moved to withdraw his plea during the one-year interval between his plea and sentence, while the defendant in *Tyrell* was sentenced during the same proceeding at which his plea was accepted.

In our view, *Tyrell* is applicable to the facts and circumstances of this case, notwithstanding that defendant was sentenced one year after his plea had been accepted (*see People v Green*, 43 Misc 3d 141[A], 2014 NY Slip Op 50815[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; *People v Domin*, 42 Misc 3d 149[A], 2014 NY Slip Op 50403[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; *see also People v Perez*, 116 AD3d 511 [2014]; *People v Miller*, 113 AD3d 573, 573-574 [2014]).

> "[W]here a deficiency in the plea allocution is so clear from the record that the court's attention should have been instantly drawn to the problem, the defendant does not have to preserve a claim that

the plea was involuntary because 'the salutary purpose of the preservation rule is arguably not jeopardized' " (*People v Peque*, 22 NY3d 168, 182 [2013], quoting *People v Lopez*, 71 NY2d 662, 665-666 [1988]).

The fact that defendant answered in the affirmative when the court asked him whether he was pleading guilty of his "own free will" was not an indication that defendant was aware of or understood the constitutional rights he was waiving by pleading guilty (*see People v Benjamin*, 24 Misc 3d 103, 104 [App Term, 1st Dept 2009]).

It is undisputed that defendant has served his sentence and that he was deported to his native country, Mexico, by the United States Department of Homeland Security on April 18, 2013. We recognize that the Court of Appeals has indicated that a defendant who has been involuntarily deported by the United States Department of Homeland Security has a fundamental right, pursuant to CPL 450.10, to an appeal to an intermediate appellate court (*see People v Ventura*, 17 NY3d 675, 682 [2011]), unlike defendants who voluntarily abscond and deliberately evade justice (*id.* at 680). However, we agree with the People that the appeal should be dismissed.

The defendants in *Ventura* only raised issues regarding the legal sufficiency of their judgments of conviction, and whether the verdicts of guilt were against the weight of the evidence. The Court of Appeals indicated that "disposition of the discrete appellate issues would result in either an affirmance or outright dismissal of the convictions; neither outcome would require the continued legal participation of defendants" (*People v Ventura*, 17 NY3d at 682). While some post-*Ventura* cases have reviewed the merits of appeals by involuntarily deported defendants (*see People v Badia*, 106 AD3d 514 [2013]; *People v Jones*, 104 AD3d 957 [2013]), we find that, in this case, reversal would be required and, notwithstanding the fact that defendant has served his sentence, a penological purpose would be served by remitting the matter to the Criminal Court for all further proceedings (*see People v Allen*, 39 NY2d 916 [1976]). The crime with which defendant was charged is not a minor offense, but a serious one, which could potentially serve as a predicate for an enhanced charge (*see* Vehicle and Traffic Law § 1193 [1] [c]). Thus, defendant's continued legal participation would be necessary, which is not possible because he has been deported. Under these circumstances, the appeal must be dismissed (*see People v*

*Harrison*, 115 AD3d 980 [2014]; *People v Bonilla*, 41 Misc 3d 894 [Sup Ct, Queens County 2013]).

Accordingly, the motion is granted, and the appeal is dismissed without prejudice to a motion to reinstate the appeal should defendant return to this court's jurisdiction.

WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.