[66 NE3d 1090, 44 NYS3d 372]

The People of the State of New York, Respondent, v Cristian Morales, Appellant.

Argued November 17, 2016; decided December 15, 2016

## APPEARANCES OF COUNSEL

*Kent V. Moston, Legal Aid Society of Nassau County*, Hempstead (*Dori Cohen* and *Jeremy L. Goldberg* of counsel), for appellant.

*Madeline Singas, District Attorney*, Mineola (*Adam S. Charnoff, Tammy J. Smiley* and *Jason R. Richards* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Term should be reversed and the matter remitted to that court for further proceedings in accordance with this memorandum.

In October 2011, defendant was convicted, after a jury trial, of two counts of operating a motor vehicle while intoxicated and other related charges. After filing a notice of appeal and executing an affidavit in support of a motion seeking permission to proceed as a poor person, defendant was deported to Honduras in November 2011. In April 2015, almost 3½ years later, defendant's assigned appellate counsel filed a brief for defendant's direct appeal. Appellate counsel noted in the brief that they had proceeded with defendant's direct appeal "without his input," as they were "not in possession of any current contact information for [defendant]."

The People moved to dismiss the appeal on the ground that defendant was deported for a reason unrelated to his conviction and thus, a reversal would have no effect on his ability to return to the jurisdiction to obey the mandate of the court. The People further moved on the additional grounds that defendant had failed to communicate with his assigned appellate counsel during the prosecution of the appeal and his existence and whereabouts were unknown. Defense counsel opposed the People's motion to dismiss but did not offer any facts to rebut the People's claims that defendant had failed to communicate with his assigned appellate counsel and that his whereabouts were unknown.

The Appellate Term granted the People's motion and dismissed defendant's direct appeal "without prejudice to ap-

pellant moving to reinstate the appeal should he return to this court's jurisdiction" (2015 NY Slip Op 82166[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).

In its order dismissing defendant's appeal, the Appellate Term duly noted the People's reliance in their motion on *People v Serrano* (45 Misc 3d 69 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). We recently reversed the intermediate appellate court's decision in *Serrano* and held "that *[People v] Ventura* [(17 NY3d 675 [2011])] prohibits intermediate appellate courts from dismissing pending direct appeals due to the defendant's involuntary deportation, regardless of the contentions raised by the defendant on appeal" (*People v Harrison [Serrano]*, 27 NY3d 281, 284 [2016]). We further explained that "[o]ur holding in *Ventura* did not depend upon any causal relationship between the defendant's conviction and deportation" (*id.* at 287).

Here, the Appellate Term erred as a matter of law insofar as it granted the People's motion to dismiss defendant's direct appeal from his judgment of conviction because he was involuntarily deported. This error requires reversal. We therefore remit the matter to the Appellate Term for its further consideration (*see* CPL 470.60 [1]).

Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Order reversed and case remitted to the Appellate Term, Ninth and Tenth Judicial Districts, for further proceedings in accordance with the memorandum herein.