The People of the State of New York, Respondent,
against
Marino Serrano, Appellant.




New York City Legal Aid Society (Amy Donner of counsel), for appellant.
Kings County (Leonard Joblove and Joyce Slevin of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Felicia A. Mennin, J., at plea; Joanne D. Quinones, J., at sentence), rendered March 7, 2011. The judgment convicted defendant, upon his plea of guilty, of common-law driving while intoxicated and driving while ability impaired. By decision and order dated September 29, 2014, this court dismissed the appeal without prejudice to a motion to reinstate the appeal should defendant, who had been deported, return to this court's jurisdiction (People v Serrano, 45 Misc 3d 69 [2014]). On May 5, 2016, the Court of Appeals reversed the decision and order of this court and remitted the matter to this court for consideration of the merits of the appeal (People v Harrison, 27 NY3d 281 [2016]).




ORDERED that, upon remittitur from the Court of Appeals, the judgment of conviction is reversed, as a matter of discretion in the interest of justice, defendant's guilty plea is vacated and the matter is remitted to the Criminal Court for all further proceedings.
Defendant was charged in an accusatory instrument with, among other things, common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). On March 8, 2010, defendant pleaded guilty to the charges. During the plea allocution, neither the Criminal Court, defendant, nor his counsel, in any manner or form, discussed the constitutional rights defendant was waiving by pleading guilty, and whether he understood that he was waiving those rights. The court asked defendant [*2]whether he wished to plead guilty to the two charges, whether he was pleading guilty because he was in fact guilty of the charges, and whether he was pleading guilty of his "own free will." Defendant answered those questions in the affirmative. Defendant agreed to enroll in an alcohol rehabilitation program. The court stated that it would sentence defendant to a conditional discharge, a fine, and a license suspension if he successfully completed the program. Defendant failed to complete the program. On March 7, 2011, defendant was sentenced to a term of 30 days of incarceration, his driver's license was suspended for six months, and a surcharge and fee were imposed. It is undisputed that defendant has served his sentence.
On appeal, defendant contends that his plea was insufficient since the court failed to advise him of his constitutional rights, in accordance with Boykin v Alabama (395 US 238 [1969]), and that the issue is reviewable on direct appeal pursuant to People v Tyrell (22 NY3d 359 [2013]). The People contend that defendant failed to preserve the issue for appellate review because he did not move to withdraw his plea pursuant to CPL 220.60 (3) during the period between his plea and sentence.
In our view, defendant failed to preserve his claim for appellate review because he had the practical ability, but failed, to move to withdraw his plea (see People v Williams, 27 NY3d 212, 221-222 [2016]; People v Louree, 8 NY3d 541 [2007]; People v Lopez, 71 NY2d 662 [1988]; People v Santos, 140 AD3d 499 [2016]). However, the circumstances of the plea do not indicate that defendant was aware of and understood the rights he was relinquishing by pleading guilty (see People v Conceicao, 26 NY3d 375, 382-384 [2015]). Thus, as the Criminal Court "made no effort to explain the consequences of a guilty plea" by not stating the trial-related rights defendant was relinquishing (People v Herbert, 147 AD3d 1208, 1210 [2017]), we exercise our interest of justice jurisdiction and reverse defendant's conviction. The fact that defendant answered in the affirmative when the court asked him whether he was pleading guilty of his "own free will" was not an indication that defendant was aware of or understood the constitutional rights he was waiving by pleading guilty (see People v Benjamin, 24 Misc 3d 103, 104 [App Term, 1st Dept 2009]). 
We find that, notwithstanding the fact that defendant has served his sentence, a penological purpose would be served by remitting the matter to the Criminal Court for all further proceedings (see People v Allen, 39 NY2d 916 [1976]). The crime with which defendant was charged is not a minor offense and could potentially serve as a predicate for an enhanced charge (see Vehicle and Traffic Law § 1193 [1] [c]).
Accordingly, the judgment of conviction is reversed, defendant's guilty plea is vacated, and the matter is remitted to the Criminal Court for all further proceedings.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2018