People v Singh (2020 NY Slip Op 03978)





People v Singh


2020 NY Slip Op 03978


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Renwick, J.P., Richter, Manzanet-Daniels, Singh, Moulton, JJ.


11582 2922/09

[*1] The People of the State of New York, Respondent,
v
Rabindra Singh, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Lorraine Maddalo of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered May 10, 2010, as amended January 21, 2011, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent prison terms of two to four years, unanimously affirmed.
The court did not advise defendant that if he was not a United States citizen, he could be deported as a result of his plea, as subsequently required under People v Peque (22 NY3d 168 [2013], cert denied sub nom. Thomas v New York, 574 US 840 [2014]). While the question of whether a defendant was prejudiced by the lack of such advice from the court is generally to be determined by way of a hearing (id. at 200-01; People v Lantigua, 123 AD3d 95, [1st Dept 2020]); People v Martinez, 180 AD3d 190 [1st Dept 2020]), under the unique circumstances of this case, we find no reasonable possibility that defendant could make
the requisite showing of prejudice at a hearing.
Indeed, at the time that defendant pleaded guilty in 2009, he had a June 2005 grand larceny state conviction, which rendered defendant deportable according to federal law. Moreover, two months after he pled guilty and before he was sentenced in the instant case, defendant pled guilty to a federal conviction of conspiracy to transport stolen vehicles, an aggravated felony requiring deportation. Thus, regardless of whether defendant pleaded guilty to the charges in 2009, had been found guilty after trial or had been acquitted, his status as a deportable non-citizen would not have been affected (see People v Haley, 96 AD3d 1168, 1169 [3d Dept 2012] [Defendant's immigration status was not affected by guilty plea because he already was deportable based on his prior convictions]). Accordingly, the alleged failure of the sentencing court to inform him of the immigration consequences of his guilty plea in 2009 did not prejudice defendant in any way.
The Decision and Order of this Court entered herein on May 28, 2020 is hereby recalled and vacated (see M-2036, decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK