People v Bovio (2022 NY Slip Op 03591)

People v Bovio

2022 NY Slip Op 03591

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

138 KA 19-01486

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONALD BOVIO, DEFENDANT-APPELLANT. 

CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT. 
MARK S. SINKIEWICZ, DISTRICT ATTORNEY, WATERLOO (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Seneca County Court (Jason L. Cook, A.J.), rendered June 20, 2019. The judgment convicted defendant, upon a plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Seneca County Court for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law
§ 125.25 [2] [depraved indifference murder]). The conviction arises from the death of defendant's 3-year-old stepson (victim), against whom defendant had allegedly directed violence previously, following an incident in which defendant, in the presence of his codefendant wife in the apartment where they resided, violently pushed the victim, which caused the victim to strike his head on the floor, become nonresponsive, and ultimately die days later. Defendant contends on appeal that his plea was not knowingly and voluntarily entered because he negated the depraved indifference mens rea element of the crime in his factual recitation during the plea proceeding and County Court erred in accepting the plea without adequately curing the deficiency and in denying his subsequent motion to withdraw the plea. We agree.
Preliminarily, defendant's contention that his plea was not knowingly and voluntarily entered would survive even a valid waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 558 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Seaberg, 74 NY2d 1, 10 [1989]; People v Paternostro, 188 AD3d 1675, 1676 [4th Dept 2020], lv denied 36 NY3d 1053 [2021]). Moreover, defendant preserved his contention for our review by moving to withdraw his plea on essentially the same grounds as those advanced on appeal (see People v Johnson, 23 NY3d 973, 975 [2014]) and, in any event, the narrow exception to the preservation requirement applies in this case (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Bertollini [appeal No. 2], 141 AD3d 1163, 1164 [4th Dept 2016]).
With respect to the merits, "[w]hile 'trial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea' . . . , 'where a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered' " (People v Worden, 22 NY3d 982, 984 [2013]; see Lopez, 71 NY2d at 666). "Upon further inquiry, the court may accept the plea only if it determines the allocution sufficient" (Matter of Silmon v Travis, 95 NY2d 470, 474 n 1 [2000]; see Lopez, 71 NY2d at 666).
As relevant to the elements of the crime at issue here, a person is guilty of murder in the second degree pursuant to Penal Law
§ 125.25 (2) when, "[u]nder circumstances evincing a depraved indifference to human life, [that person] recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person." The crime of depraved indifference murder thus contains "two mens rea elements" (People v Barboni, 21 NY3d 393, 401 [2013]), i.e., recklessness and depraved indifference (id. at 400). First, "[a] person acts recklessly with respect to a result . . . when [that person] is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur . . . The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation"
(§ 15.05 [3]; see People v Lewie, 17 NY3d 348, 356-357 [2011]). Second, with respect to depraved indifference, "at the time the crime occurred, [the person must] ha[ve] a mens rea of 'utter disregard for the value of human life,' " meaning that the person "did not care whether [the] victim lived or died" (Barboni, 21 NY3d at 400; see People v Williams, 24 NY3d 1129, 1132 [2015]; Lewie, 17 NY3d at 359; People v Feingold, 7 NY3d 288, 296 [2006]). "In other words, a person who is depravedly indifferent is not just willing to take a grossly unreasonable risk to human life—that person does not care how the risk turns out" (Lewie, 17 NY3d at 359).
Here, we agree with defendant that, although his admissions during the plea allocution established the mens rea element of recklessness (see Penal Law § 15.05 [3]; Lewie, 17 NY3d at 356-357), his recitation of the facts underlying the charge of murder in the second degree pursuant to Penal Law § 125.25 (2) "cast significant doubt upon his guilt insofar as it negated the [second mens rea] element of depraved indifference" (Bertollini, 141 AD3d at 1164). In response to the court's question whether defendant did not care if harm happened to the victim or how the risk to the victim turned out, defendant stated through defense counsel that "[h]e did care for [the victim]." We conclude that defendant's statement negated the element of depraved indifference because the second mens rea element of the crime required that defendant "did not care whether [the] victim lived or died" (Barboni, 21 NY3d at 400) or, in other words, that he did "not care how the risk turn[ed] out" (Lewie, 17 NY3d at 359). Defendant, however, conveyed during the factual recitation the exact opposite of the requisite mental state, i.e., that he did, in fact, care for the victim.
Although the People insist that defendant did not negate the depraved indifference mens rea element, none of their arguments withstand scrutiny. There is no basis to ignore defendant's statement, as the People propose, on the ground that it was voiced by defense counsel after consultation with defendant rather than by defendant himself (see People v Goldstein, 12 NY3d 295, 300 [2009]; People v Benjamin, 24 Misc 3d 103, 104 [App Term, 1st Dept 2009], lv denied 13 NY3d 905 [2009]). Further, although the People correctly note that defendant's statement itself was not expressly linked to any particular time period, the remark was made in the context of defendant's admission to his mental state at the time of the crime and, as defendant points out, if there was equivocation with respect to when he professed to have cared for the victim, that alone was sufficient reason for the court to conduct a further inquiry about the depraved indifference mens rea element (see People v Lawrence, 192 AD2d 332, 333 [1st Dept 1993], lv denied 81 NY2d 1075 [1993]; see also People v Edwards, 55 AD3d 1337, 1338 [4th Dept 2008], lv denied 11 NY3d 924 [2009]; People v Castanea, 265 AD2d 906, 907 [4th Dept 1999]).
Moreover, the People's assertion that the court performed an adequate inquiry is without merit. While the court elicited—both before and after defendant's statement—an affirmative response from defendant that he "ignored or simply didn't care how th[e] risk turned out" with respect to the victim (emphasis added), "that inquiry was insufficient to reestablish the negated element," and the court therefore failed to ensure that the plea was knowing and voluntary (Bertollini, 141 AD3d at 1164). The court's inquiry merely elicited defendant's admission that he either disregarded the risk, i.e., the mens rea of reckless disregard, or that he did not care how the risk turned out, i.e., the mens rea of depraved indifference. But the crime of depraved indifference murder requires both of those mental states (see Barboni, 21 NY3d at 400) and, inasmuch as defendant had just negated the depraved indifference mens rea element, it was incumbent upon the court to conduct a further inquiry to reestablish that specific negated element, which the court failed to do during the plea proceeding (see Bertollini, 141 AD3d at 1164).
To the extent that the court attempted to cure the deficiency in the plea during an additional proceeding held three days later, we agree with defendant that the effort failed. The [*2]additional proceeding did not constitute an Alford plea inasmuch as defendant did not admit to any of the facts proffered by the prosecutor during the additional proceeding or even acknowledge that the record before the court contained strong evidence of actual guilt; instead, defendant immediately moved to withdraw his plea, declaring his innocence and stating that he would not continue any plea allocution (cf. People v Hill, 16 NY3d 811, 813-814 [2011]). In any event, even if the additional proceeding could be construed as an attempted Alford plea upon a strong evidence of guilt but without an admission of depraved indifference by defendant, acceptance of that plea would be inappropriate given that there is "no such thing as a 'limited' Alford colloquy or plea," and a court may not cure a deficiency in the allocution with respect to an element of the offense by resort to an Alford plea where, as here, "the record does not establish that [the defendant] was aware of the nature and character of an Alford plea" (id. at 814).
Based on the foregoing, we conclude that the court erred in accepting defendant's guilty plea and in denying his motion to withdraw the plea, and we therefore reverse the judgment of conviction, vacate the plea, and remit the matter to County Court for further proceedings on the indictment. In light of our determination, we do not address defendant's remaining contentions.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court