People v Guzman-Caba (2022 NY Slip Op 07163)

People v Guzman-Caba

2022 NY Slip Op 07163

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Renwick, J.P., Shulman, Rodriguez, Higgitt, JJ. 

SCI No. 348N/14 Appeal No. 16903 Case No. 2015-2126 

[*1]The People of the State of New York, Respondent,
v
Alberto Guzman-Caba, Defendant-Appellant.

Labe M. Richman, New York, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Judgment, Supreme Court, New York County (Richard M. Weinberg, J.), rendered April 30, 2014, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to five years' probation, and order, same court (Robert M. Mandelbaum, J.), entered on or about March 30, 2021, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Defendant moved to vacate the judgment of conviction based on Padilla v Kentucky (559 US 356 [2010]), which held that criminal defense attorneys must advise noncitizen clients about the deportation risks of a guilty plea. In support of the motion, defendant submitted an affidavit from plea counsel indicating no recollection or notation that he discussed immigration consequences with defendant, which suggests that counsel's performance was deficient. While the question of whether a defendant was prejudiced by defendant's counsel failure to inform him of the immigration consequences of his guilty plea is generally to be determined by a hearing (see People v Lantigua, 184 AD3d 80 [1st Dept 2020], appeal withdrawn 37 NY3d 953 [2021]; People v Martinez, 180 AD3d 190 [1st Dept 2020], lv denied 35 NY3d 972 [2020]), under the unique circumstances of this case, we find no reasonable possibility that defendant could make the requisite showing of prejudice at a hearing. Defendant was already subject to mandatory deportation as the result of another conviction for an aggravated felony. Thus, regardless of whether defendant pleaded guilty in 2014 to the aggravated felony of criminal sale of a controlled substance in the third degree, had been found guilty after trial or had been acquitted, his status as a deportable noncitizen would not have been affected (see People v Singh, 185 AD3d 480 [1st Dept 2020], lv denied 35 NY3d 1070 [2020]; People v Haley, 96 AD3d 1168, 1169 [3d Dept 2012], lv denied 20 NY3d 1062 [2013]). Accordingly, defendant's counsel failure to inform him of the immigration consequences of his guilty plea in 2014 did not prejudice defendant in any way. We have considered and rejected defendant's remaining arguments on the Padilla issue.
To the extent that defendant is making a claim, on his direct appeal, based on People v Peque (22 NY3d 168 [2013], cert denied 574 US 840 [2014]), that claim is unpreserved (see People v Delorbe, 35 NY3d 112, 118-21 [2020]), and we decline to review it in the interest of justice. In any event, the court's statement that defendant
would be subject to deportation satisfied the plea court's Peque obligations (see People v Pastor, 28 NY3d 1089, 1091 [2016]), and, for the reasons already discussed, defendant cannot show any prejudice. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022