■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE HARRISON, Appellant. [982 NYS2d 544]—

Appeal by the defendant, by permission, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Chin-Brandt, J.), dated March 16, 2011, as denied that branch of his motion which was pursuant to CPL 440.10 to vacate a judgment of the same court rendered June 8, 2008, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, on the ground that he was deprived of the effective assistance of counsel as a result of his attorney's allegedly erroneous advice regarding the immigration consequences of his plea.

Motion by the respondent to dismiss the appeal on the ground that the appellant has been deported and is unavailable to obey the mandate of the court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion is granted and the appeal is dismissed, without costs or disbursements, and without prejudice to a motion to reinstate the appeal should he return to this Court's jurisdiction.

On May 8, 2008, the defendant, a native of Jamaica and a lawful permanent resident of the United States, pleaded guilty to attempted criminal possession of a weapon in the second degree. On June 8, 2008, the defendant was sentenced in accordance with the plea agreement. Thereafter, the Immigration and Customs Enforcement Unit of the United States Department of Homeland Security initiated removal proceedings against the defendant on the ground that the conviction was a deportable offense.

In July 2010, the defendant, acting pro se, moved pursuant to CPL 440.10 to vacate his conviction, inter alia, on the ground that he was denied the effective assistance of counsel as a result of his attorney's allegedly erroneous advice regarding the immigration consequences of his plea. In an order dated March 16, 2011, the Supreme Court summarily denied the motion, concluding that the defendant failed to demonstrate that he was prejudiced by his attorney's allegedly erroneous advice. In a decision and order on application dated July 8, 2011, this Court granted the defendant leave to appeal from the order dated March 16, 2011.

On November 30, 2012, prior to oral argument, the defendant was deported to his native country. The People moved to dismiss the appeal on the ground that the defendant is no longer available to obey the mandate of the court.

CPL 470.60 (1) provides: "At any time after an appeal has been taken and before determination thereof, the appellate court in which such appeal is pending may, upon motion of the respondent or upon its own motion, dismiss such appeal upon the ground of mootness, lack of jurisdiction to determine it, failure of timely prosecution or perfection thereof, or other substantial defect, irregularity or failure of action by the appellant with respect to the prosecution or perfection of such appeal."

In *People v Diaz* (7 NY3d 831 [2006]), after the Court of Appeals had previously granted a criminal defendant leave to appeal from an order of the Appellate Division affirming that defendant's judgment of conviction, the Court dismissed the appeal in the exercise of its discretion on the ground that the defendant had been involuntarily deported and, thus, unavailable to obey the mandate of the Court, without prejudice to the defendant's right to move to reinstate the appeal should he return to the Court's jurisdiction (*see id.* at 831-832).

On the other hand, in *People v Ventura* (17 NY3d 675 [2011]), the Court of Appeals determined that the Appellate Division abused its discretion in dismissing direct appeals by two defendants from their judgments of conviction on the ground that they were involuntarily deported (*see id.* at 678). The Court of Appeals in *Ventura* noted that, at the time of the dismissals of their appeals, the defendants in that case were appealing pursuant to their statutory right to appeal their judgments of conviction to an intermediate appellate court (*see id.* at 679-680; *see* CPL 450.10 [1]). By contrast, the Court of Appeals in *Ventura* noted that, at the time his appeal was dismissed, the defendant in *Diaz* was appealing to the Court of Appeals pursuant to its permissive appellate jurisdiction (*see id.* at 680). The Court of

Appeals in *Ventura* also noted that because the two defendants in that case were only raising legal sufficiency and weight-of-the-evidence arguments on their appeals, disposition of the appeals would result in either an affirmance or outright dismissal of the convictions, and neither outcome would require the continued legal participation of the defendants (*see id.* at 682). Thus, the Court of Appeals stated that the perceived inability to obey the mandate of the court was not implicated in that case (*see id.*).

Here, the defendant is not directly appealing from his judgment of conviction as of right pursuant to CPL 450.10 (1) but, rather, is appealing, by permission, from an order denying his motion to vacate his conviction (*see* CPL 450.15 [1]). Further, if the order were to be reversed, the defendant's motion to vacate his conviction granted, and his plea of guilty vacated, the defendant's continued participation in the proceedings would be required. Accordingly, this case is distinguishable from *Ventura*. Considering all of the particular circumstances of this case, we deem it appropriate to grant the People's motion and dismiss the appeal, without prejudice to a motion to reinstate the appeal should he return to this Court's jurisdiction (*see People v Mark*, 8 NY3d 907 [2007]). Skelos, J.P., Balkin, Lott and Hinds-Radix, JJ., concur.