People v Azam (2016 NY Slip Op 00597)





People v Azam


2016 NY Slip Op 00597


Decided on January 28, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2016

Tom, J.P., Sweeny, Gische, Kapnick, JJ.


55 1755/11

[*1]The People of the State of New York, Respondent,
v
Mohammed Azam, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered May 31, 2013, convicting defendant, after a jury trial, of assault in the second degree and leaving the scene of an incident without reporting, and sentencing him to an aggregate term of three years, unanimously affirmed.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that the absence of a request by counsel for submission of third-degree (criminally negligent) assault as a lesser included offense fell below an objective standard of reasonableness or affected the outcome of the case. The trial record supports the conclusion that defense counsel had chosen an "all-or-nothing" strategy (see People v Lane, 60 NY2d 748, 750 [1983]; People v Clarke, 55 AD3d 370 [1st Dept 2008], lv denied 11 NY3d 923 [2009]) in opposing the submission of any lesser included offenses, and defendant has not established that this strategy was unreasonable or prejudicial.
Defendant's challenges to the content of the annotated verdict sheet, to which he consented, and to the court's accompanying instructions, are claims requiring preservation (see e.g. People v Wheeler, 257 AD2d 673, 674 [2d Dept 1999], lv denied 93 NY2d 930 [1999]), and we decline to review these claims in the interest of justice. As an alternative holding, we find no [*2]violation of CPL 310.20(2) or prejudice to defendant. Similarly, that portion of defendant's ineffective assistance claim relating to the verdict sheet is, to the extent reviewable, unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2016
CLERK