██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO RODRIGUEZ, Appellant. [25 NYS3d 643]—

Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Kahn, J.), dated March 12, 2014, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered July 10, 2012, convicting him of sexual misconduct, upon his plea of guilty, on the ground, inter alia, that he was deprived the effective assistance of counsel by his attorney's allegedly erroneous advice regarding the immigration consequences of his plea.

Motion by the respondent to dismiss the appeal on the ground that the appellant has been deported and is unavailable to obey the mandate of the Court.

Upon the papers filed in support of the motion and upon the argument of the appeal, it is

Ordered that the motion is granted and the appeal is

dismissed, without prejudice to the filing of a motion to reinstate the appeal should the defendant return to this Court's jurisdiction (*see* CPL 470.60 [1]; *People v Harrison*, 115 AD3d 980 [2014], *lv granted* 24 NY3d 1084 [2014]).

On May 9, 2012, the defendant, a native of El Salvador who resided in the United States under protected status, pleaded guilty to sexual misconduct. On July 10, 2012, the defendant was sentenced in accordance with the plea agreement. Thereafter, the Immigration and Customs Enforcement Unit of the United States Department of Homeland Security initiated removal proceedings against the defendant on the ground that the conviction was a deportable offense.

In January 2014, the defendant moved pursuant to CPL 440.10 to vacate his conviction, inter alia, on the ground that he was deprived of the effective assistance of counsel as a result of his attorney's allegedly erroneous advice regarding the immigration consequences of his plea. In an order dated March 12, 2014, the County Court denied the motion without a hearing, concluding that the defendant failed to demonstrate that he was prejudiced by his attorney's allegedly erroneous advice. In a decision and order on application dated August 21, 2014, this Court granted the defendant leave to appeal from the County Court order.

At the end of September 2015, prior to oral argument, the defendant was deported to his native country. The People moved to dismiss the appeal on the ground that the defendant is no longer available to obey the mandate of the Court.

CPL 470.60 (1) provides: "At any time after an appeal has been taken and before determination thereof, the appellate court in which such appeal is pending may, upon motion of the respondent or upon its own motion, dismiss such appeal upon the ground of mootness, lack of jurisdiction to determine it, failure of timely prosecution or perfection thereof, or other substantial defect, irregularity or failure of action by the appellant with respect to the prosecution or perfection of such appeal."

Here, the defendant is not directly appealing from his judgment of conviction as of right pursuant to CPL 450.10 (1), but rather, is appealing, by permission, from an order denying his motion to vacate his conviction. Further, if the order were reversed, the defendant's motion to vacate his conviction granted, and his plea of guilty vacated, the defendant's continued participation in the proceedings would be required. Based on those considerations, we grant the People's motion and dismiss the appeal without prejudice to a motion to

reinstate the appeal should the defendant return to this Court's jurisdiction (*see People v Harrison*, 115 AD3d 980 [2014]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.