Rivera, J.
(dissenting in People v Harrison-, concurring in People v Serrano). I agree with the decision in People v Serrano, for the reasons set forth in the opinion. However, I dissent in People v Harrison because the majority relies on a meaningless distinction between two classes of defendants who have had their respective appeals dismissed, solely on the grounds that they have been deported: one who files a direct appeal challenging the conviction, and another, like Harrison, who files a CPL 440.10 motion claiming the plea was not knowing, voluntary, and intelligent because defense counsel failed to properly explain the immigration consequences of the plea. However, the two classes of defendants are similarly positioned and therefore the rule of People v Ventura (17 NY3d 675 [2011]) should apply with full force in both cases.
The majority concludes that because the latter class of defendants seeks review under CPL 450.15 and 460.15, Ventura is inapplicable and instead the appeal is subject to the reasoning in People v Diaz (7 NY3d 831 [2006]). This view ignores critical aspects of the rationale that led the Court in Ventura and its companion case, People v Gardner, to reject application of the justification for dismissing an appeal where a defendant evades criminal process to cases involving an involuntarily deported defendant (People v Ventura, 17 NY3d 675, 680-681 [2011]). Elaborating on the unique concerns impacting on deportees, the Court stated that they “have a great[ ] need to avail themselves of the appellate process in light of the tremendous ramifications of deportation” (id. at 680). These defendants risked “the complete lack of intermediate appellate review” if their appeals were dismissed solely on the grounds *291 that they were deported (id.). Given the right to appeal and the “distinct role assumed by the Appellate Divisions within New York’s hierarchy of appellate review ...[,] access to intermediate appellate courts [is] imperative” (id. at 680-681). Like the defendants in Ventura, defendant here was also involuntarily deported and did not intentionally seek to avoid criminal process. To the contrary, he has affirmatively sought judicial review of his claim throughout his detention and after his deportation. Defendant too faces dire consequences related to his deportation, including separation from his family and home.
In contrast, the analysis of Diaz is ill-suited for deciding defendant’s case. Diaz involved a defendant who “had already received considered intermediate appellate review” (Ventura, 17 NY3d at 680; People v Diaz, 7 NY3d 831, 832 [2006]). Defendant here has not had any appellate review of his claim because under New York law his 440.10 motion is his only procedural vehicle to challenge his plea based on his counsel’s alleged ineffective assistance in providing erroneous advice (majority op at 289; People v Baret, 23 NY3d 777, 806 [2014, Lippman, Ch. J., dissenting]).
Further, the Court in Diaz exercised its discretion in dismissing because the defendant was unavailable to obey the mandate of the Court (7 NY3d at 832). As Ventura made clear, at least for intermediate appellate review, “the perceived inability to obey the mandate of the court is not implicated” (17 NY3d at 682). Thus, Diaz has little relevance to defendant’s case. Moreover, both the Courts in Ventura and Diaz recognized that deportation does not, in and of itself, mandate dismissal (Diaz, 7 NY3d at 832 [deportation did “not mandate dismissal of the appeal, (but) present(ed) a situation analogous to that of mootness”]; Ventura, 17 NY3d at 682 [inability to obey court’s mandate not implicated by defendants’ deportation, and provides no basis to dismiss appeal]).
Contrary to the majority’s view, I do not conflate the right to a direct appeal with a discretionary appeal (see majority op at 288), but rather ground my analysis on the underlying reasoning and purpose served by this Court’s decision in Ventura. Here, because of the specific nature of defendant’s ineffective assistance of counsel claim it cannot be reviewed on direct appeal. As a consequence, dismissal places defendant at risk, like the defendants in Ventura, of a “complete lack of intermediate appellate review,” due solely to his deportation (Ventura, 17 *292 NY3d at 680).[1] Therefore, Ventura, not Diaz, is relevant to our consideration of defendant’s claim.
Nor does my interpretation of Ventura mean that the Appellate Division is without discretionary authority to dismiss an appeal from an unsuccessful CPL 440.10 motion based on the same concerns that the Court generally fixes with respect to such post-conviction motions.[2] Such a broad rule is not implicated by this case, or necessary to resolve the issues raised herein. Rather than require an intermediate court to consider a discretionary appeal solely because a defendant is deported, the appropriate rule, in accordance with Ventura, is that an intermediate appellate court may not refuse to consider an appeal for no reason other than defendant’s status as a deportee.
We should not lose sight of the fact that defendant sought, by his 440.10 motion, to avoid the deportation that now prevents his appeal and holds his challenge in abeyance until he is able to return to the United States. Although the majority concludes the Appellate Division did not abuse its discretion by dismissing defendant’s appeal, in Ventura both the majority and dissent agreed that it was an abuse of discretion for an appellate intermediate court to dismiss a deported defendant’s appeal on the sole basis of the defendant’s unavailability where the conviction being appealed was the cause of defendant’s deportation CVentura, 17 NY3d at 678; id. at 682 [Read, J., dissenting]).
Beyond the apparent consequences to defendant from this proverbial “Catch-22,” there is another compelling fairness argument that looms large over this case. Defendant was in the custody of the Immigration and Customs Enforcement Unit *293 of the United States Department of Homeland Security awaiting deportation on the grounds of his conviction, when a Justice of the Appellate Division granted leave to appeal. Defendant remained in federal custody for another 16 months, awaiting consideration of his appeal, until he was eventually deported. As the record discloses, but for the delays in the appellate process, the Appellate Division would have considered his challenge to the plea. Under these circumstances, it was an abuse of discretion to dismiss the appeal because the very action defendant sought to prevent by challenging his conviction was the basis of the Appellate Division’s dismissal. Nevertheless, defendant and others similarly situated, who have no control over the delays that may doom their appeals, are now foreclosed from intermediate appellate review because they have been deported. Therefore, I dissent.
In People v Harrison: Order affirmed.
Opinion by Judge Fahey. Chief Judge DiFiore and Judges Pigott, Abdus-Salaam, Stein and Garcia concur. Judge Rivera dissents in an opinion.
In People v Serrano: Order reversed and case remitted to the Appellate Term, Second Department, for consideration of the merits of the appeal to that court.
Opinion by Judge Fahey. Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein and Garcia concur, Judge Rivera in a concurring opinion.

. The majority is incorrect to the extent it suggests that a defendant’s waiver of appeal forecloses direct appellate review of any and all claims because this Court has held that certain claims are not waivable (see e.g. People v Seaberg, 74 NY2d 1, 9-10 [1989] [constitutional speedy trial claims, challenges to the legality of court-imposed sentences or the voluntariness of the plea, and questions as to a defendant’s competency to stand trial survive a valid waiver of appellate review]). In any event, under New York law defendant’s only procedural vehicle for challenging the plea based on ineffective assistance of counsel is a post-conviction CPL article 440 motion, and he did not waive his right to pursue such relief.

. Appellate courts retain broad authority under CPL 470.60 (1) to dismiss an appeal on a basis other than deportation (see CPL 470.60 [1] [providing for dismissal “upon the ground of mootness, lack of jurisdiction to determine it, failure of timely prosecution or perfection thereof, or other substantial defect, irregularity or failure of action by the appellant with respect to the prosecution or perfection of such appeal”]).