The People of the State of New York, Respondent,
against
Robert Tavarez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Linda Poust-Lopez, J.), rendered March 25, 2015, after a nonjury trial, convicting him of attempted assault in the third degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Linda Poust-Lopez, J.), rendered March 25, 2015, affirmed.
The nontestifying victim's statement to the responding police officers - that defendant "slapped, kicked" and then "punched" her in the face - was properly admitted as an excited utterance (see generally People v Johnson, 1 NY3d 302 [2003]; People v Gantt, 48 AD3d 59, 63-64 [2007], lv denied 10 NY3d 765 [2008]). This declaration, which was made within "two to three minutes" after police arrived at the scene of an ongoing street confrontation between defendant and the victim, who was described by police as "crying" and "afraid," with swelling on her cheek and a bloody lip, was clearly made under the continuing stress and excitement caused by the startling event, and was not made under the impetus of studied reflection (see People v Brown, 70 NY2d 513 [1987]; People v Caviness, 38 NY2d 227, 231 [1975]). Furthermore, the statement was nontestimonial and thus did not violate the Confrontation Clause, because the police responded to an ongoing emergency (see Davis v Washington, 547 US 813, 822 [2006]; People v Dockery, 107 AD3d 913, 914 [2014], lv denied 22 NY3d 955 [2013]) and the statement was not elicited through "structured police questioning" (see Crawford v Washington, 541 US 36, 53 n4 [2004]; see also New York v Quarles, 467 US 649, 658-659 [1984]; People v Diaz, 21 AD3d 58, 66-67 [2005], app dismissed 7 NY3d 831 [2006]). 
Defendant's claim that the court improperly precluded introduction of a purported prior inconsistent statement to impeach the hearsay declarant's credibility is unpreserved due to the absence of an offer of proof (see People v George, 67 NY2d 817, 819 [1986]), and we decline to review it in the interest of justice. Furthermore, the claim is unreviewable for lack of a sufficient record (see People v Kinchen, 60 NY2d 772, 773-774 [1983]). The limited present record fails to support defendant's assertions, without resort to speculation.
This constitutes the decision and order of the court.
I concur I concur I concur.
Decision Date: November 30, 2016