People v Arnold (2020 NY Slip Op 03605)





People v Arnold


2020 NY Slip Op 03605


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Friedman, J.P., Richter, Gesmer, Oing, Singh, JJ.


11703 1975/15

[*1] The People of the State of New York, Respondent,
v
Tarrek Arnold, Defendant-Appellant.


Office of The Appellate Defender, New York (Christina A. Swarns of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Robert Brent Ferguson of counsel), for respondent.



Judgment of the Supreme Court, New York County (Edward J. McLaughlin, J.), rendered March 29, 2016, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first and second degrees, criminal possession of a weapon in the second degree (two counts) and escape in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 22 years consecutive to a term of 2 to 4 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's guilt was established by compelling circumstantial evidence. This included videotapes that supported the conclusion that defendant was the assailant, particularly in light of his distinctive clothing, as well as text messages by defendant that could reasonably be interpreted as containing admissions of guilt. The jury could also have reasonably discredited the victim's attempt to exonerate defendant.
The court properly denied defendant's motion to controvert a warrant for the search of defendant's phone, which was supported by probable cause (see generally People v Castillo, 80 NY2d 578, 585 [1992]). The affidavit in support of the warrant set forth the video evidence, from which a compelling inference of probable cause could be drawn, similar to the inference of guilt that supported the verdict.
Defendant abandoned any argument that a detective's testimony identifying defendant in a surveillance video based on prior familiarity should have been precluded for lack of notice pursuant to CPL 710.30(1)(b). When defense counsel raised the issue, the court did not make a final ruling. Instead, it deferred the issue pending further discussion, which never transpired. When the detective testified later in the trial, counsel did not call the court's attention to its failure to make a ruling, nor did he otherwise object to the testimony at issue, thereby abandoning the claim (see People v Graves, 85 NY2d 1024, 1027 [1995]; People v Brimage, 214 AD2d 454 [1995], lv denied 86 NY2d 732 [1995]). We decline to review this claim in the interest of justice. As an alternative holding, we find that on the particular record before us, the detective's testimony did not require CPL 710.30(1)(b) notice. In any event, any error in this regard was harmless.
Defendant's argument that the court should have accompanied an otherwise properly annotated verdict sheet with certain instructions is a claim requiring preservation (see e.g. People v Azam, 135 AD3d 654, 654 [1st Dept 2016], lv denied 27 NY3d 991 [2016]), and we decline to review it in the interest of justice. As an alternative holding, we find no prejudice to defendant (see id.). Defendant's ineffective assistance claim relating to the verdict sheet is unavailing.
The procedure set forth in People v O'Rama (78 NY2d 270 [1991]) was not implicated by a jury note that merely requested an exhibit, along with a request for ministerial assistance in locating it on a computer, but did not request any information about the exhibit (see e.g. People v [*2]Dunham, 172 AD3d 524, 525-526 [1st Dept 2019], lv denied 34 NY3d 930 [2019]). To the extent the court's response to another note went slightly beyond the jury's request, the court correctly stated the law and the response could not have caused any prejudice.
Because the court gave curative instructions and defense counsel failed to request any further relief, defendant did not preserve his challenges to the prosecutor's summation (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK