People v Macon (2020 NY Slip Op 04519)





People v Macon


2020 NY Slip Op 04519


Decided on August 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 13, 2020

Manzanet-Daniels, J.P., Gische, Kern, Oing, González, JJ.


11765 1139/14

[*1] The People of the State of New York, Respondent,
v
Lamont Macon, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Emma L. Shreefter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Lester B. Adler, J.), rendered June 7, 2016, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.
Defendant allegedly stabbed the mother of his two children, her daughter and her cousin. Defendant was charged, inter alia, with three counts of attempted second-degree murder, two counts of second-degree assault and one count of first-degree assault. The jury acquitted defendant of every charge except one count of second-degree assault, a lesser included offense.
On appeal, defendant challenges the court's instructions and the verdict sheet on the ground that they failed to convey that an acquittal on the top count based on a justification defense necessitated an acquittal of the lesser count.
Where justification is a central issue at trial, the court's instructions, as a whole, must convey that acquittal of a greater charge precludes consideration of lesser offenses that are based on the same conduct (People v Velez, 131 AD3d 129, 130 [1st Dept 2015]). In other words, if a jury finds a defendant not guilty of the top count on a justification defense, deliberations should cease.
The trial court charged the jury, stating in pertinent part, "(I)f you find the defendant not guilty of count two, attempt to commit the crime of Murder in the Second Degree . . . because the People have failed to prove beyond a reasonable doubt that the defendant was not justified, then don't deliberate on count three [FN1]. You must record a not guilty verdict on count three
. . . . If you find the defendant not guilty under count two for some other reason than the lack of justification . . . then proceed to consider and render a verdict on count three." The court's initial instruction, which it repeated on more than one occasion, is consistent with Velez. Defendant made no objection to the instructions.
On appeal, defendant contends that his conviction on the lesser count of second-degree assault must be vacated since the verdict sheet made no mention of justification. Verdict sheets in criminal cases, however, may not include substantive instructions absent authorization by CPL 310.20(2) (People v Miller, 18 NY3d 704, 706 [2012]). Here, defense counsel made no objections when the verdict sheet was reviewed and discussed by the court with the parties.
In prior cases, we reversed convictions in the interest of justice where defendants interposed no objections to jury instructions that failed to comply with Velez, even though the claim was unpreserved (People v Hop Wah, 171 AD3d 574 [2019]).
In People v Davis (176 AD3d 634 [2019], lv denied 34 NY3d 1157 [2020]), we changed course. [*2]The jury in that case similarly found defendant not guilty of the top count, but guilty of the lesser count. Although defendant interposed no objections to the verdict sheet or the jury instructions that were given, defendant appealed on the basis that both the initial and supplemental charges and the verdict sheet did not comply with Velez. We "decline[d] to exercise our interest of justice jurisdiction to review these unpreserved claims" (People v Davis, 176 AD3d at 635). Davis is applicable here. The defendant, although afforded multiple opportunities during the two-and-a-half to three-day charge conference, during trial and prior to deliberations, interposed no objections, and thus, failed to preserve his claims. The judgment is accordingly affirmed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 13, 2020
CLERK



Footnotes

Footnote 1: Counts two and three pertained to the mother of defendant's children. Count two was attempted second-degree murder and count three was second-degree assault.