People v Melendez (2021 NY Slip Op 03530)





People v Melendez


2021 NY Slip Op 03530


Decided on June 03, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 03, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Oing, JJ. 


Ind No. 1116/16 Appeal No. 14000 Case No. 2018-2246 

[*1]The People of the State of New York, Respondent,
v
Dajon Melendez, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Margaret E. Knight of counsel) and Weil, Gotshal & Manges LLP, New York (Lois Ahn of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Diana J. Lewis of counsel), for respondent.



Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered November 13, 2017, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of six years, unanimously affirmed.
Defendant was charged, as relevant to this appeal, with attempted second-degree murder, first-degree assault, and two counts of second-degree assault, based on an incident in which he stabbed another man multiple times. At defense counsel's request, the court charged the jury on justification with respect to the attempted murder and first and second-degree assault counts.
Defense counsel objected to the trial court's initial charge to the jury because, inter alia, the court had misspoken, suggesting that the justification defense was the only available defense. The court instructed the jury to disregard its previous charge and proceeded to reread the entire justification charge. The trial court stated in pertinent part, "if you find that [the] People have failed to prove beyond a reasonable doubt that the defendant was not justified, you then must find the defendant not guilty of the counts one, two and three. However, if you find [the] People have proven beyond a reasonable doubt that the defendant was not justified but have found the defendant not guilty for some other reason, which you could, besides justification, then you will consider the next count on the verdict sheet." Defense counsel did not object to this charge, and when directly asked by the court if the charge sufficed, defense counsel stated that it was "fine."
On appeal, defendant challenges the court's instructions on the ground that the court failed to comply with People v Velez (131 AD3d 129 [1st Dept 2015]) because it did not instruct the jury to cease deliberations on the lesser-included assault offenses if the jury acquitted defendant of a greater charge based on justification. As noted, defense counsel did not object to the charge, as reread by the court, but rather expressly agreed that the charge was "fine." We find that the trial court's instructions, on the whole, adequately "convey[ed] that acquittal of a greater charge precludes consideration of lesser offenses that are based on the same conduct" (People v Macon, 186 AD3d 430, 430 [1st Dept 2020], lv denied 35 NY3d 1114 [2020], citing People v Velez, 131 AD3d at 130). Moreover, even if there was any error in the charge it was harmless, because there was "overwhelming evidence disproving the justification defense and no reasonable
possibility that the verdict would have been different had the charge been correctly given" (People v Petty, 7 NY3d 277, 286 [2006]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2021