People v Sidibe (2021 NY Slip Op 04281)





People v Sidibe


2021 NY Slip Op 04281


Decided on July 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 08, 2021

Before: Manzanet-Daniels, J.P., Webber, Singh, Kennedy, JJ. 


Ind No. 3487/13 Appeal No. 14183 Case No. 2018-1648 

[*1]The People of the State of New York, Respondent,
v
Hamza Sidibe, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Diana J. Lewis of counsel), for respondent.



Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered June 28, 2016, convicting defendant, after a jury trial, of assault in the first and second degrees, and sentencing him to an aggregate term of 12 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). Moreover, we find that it was based on overwhelming evidence. The victim's extensive injuries fully corroborated his account of the incident, and the injuries were completely incompatible with defendant's unbelievable testimony.
We agree with defendant that the court's instructions were insufficient to convey the "stop deliberations" principle discussed in People v Velez (131 AD3d 129 [1st Dept 2015]; see People v Hop Wah, 171 AD3d 574 [1st Dept 2019]). However, our review of the record persuades us that there is no reasonable possibility that the jury acquitted defendant of attempted murder, and an assault count requiring intent to disfigure, based on a finding that defendant's conduct was justified. Under these circumstances, we decline to exercise our interest of justice jurisdiction to review defendant's unpreserved Velez claim (see e.g. People v Macon, 186 AD3d 430, 431 [1st Dept 2020], lv denied 35 NY3d 1114 [2020]; see also People v Petty, 7 NY3d 277, 286 [2006]). Defendant's other unpreserved claim regarding the court's charge involves an omission of the word "not." Even if the transcript is accurate, this error could not have caused defendant any prejudice in its context.
Defendant did not preserve his challenges to the qualifications of an interpreter who translated portions of a recorded phone call between defendant and his girlfriend, or to the interpreter's mode of translation, and we decline to review them in the interest of justice. As an alternative holding, we find that any error was harmless in light of the overwhelming evidence of guilt and the insignificance of the brief portions of the call translated by the interpreter.
Defendant is not entitled to resentencing with new counsel based on his lawyer's general denial, at sentencing, of complaints about his performance made by defendant during his interview with the Department of Probation. Counsel's comments, made in the course of alerting the court that it might be advisable to assign new counsel for sentencing, did not constitute "tak[ing] a position on the motion that is adverse to the defendant" (People v Mitchell, 21 NY3d 964, 967 [2013]), because there was no motion
for new counsel, or any other motion, before the court upon which counsel's comments had any bearing. We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 8, 2021