People v Bryan (2025 NY Slip Op 03774)

People v Bryan

2025 NY Slip Op 03774

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, O'Neill Levy, JJ. 

Ind. No. 71865/22|Appeal No. 4611|Case No. 2023-02079|

[*1]The People of the State of New York, Respondent,
v
Sean Bryan, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered March 24, 2023, convicting defendant, after a jury trial, of attempted assault in the first degree, two counts of criminal possession of a weapon in the second degree, and assault in the second degree, and sentencing him to an aggregate term of six years, unanimously affirmed.
This case arises from an early morning altercation at a pizzeria on the Lower East Side in which defendant shot and wounded an alleged assailant and a bystander. Defendant's claim that the trial testimony of one of the investigating officers concerning statements made by one of the victims violated defendant's sixth amendment right to confront the witness was preserved (see People v Sanders, 39 NY3d 216, 220 n * [2023]). However, we find that the statements made by the victim were voluntary, non-testimonial, and not made in response to structured questioning, and therefore did not violate the confrontation clause (see Ohio v Clark, 576 US 237, 245 [2015]; People v Franklin, 42 NY3d 157, 163-164 [2024], cert denied sub nom Franklin v New York, 604 US —, 145 S Ct 831 [2025]). The victim's statements were excited utterances and therefore admissible, as they were made less than half an hour after the shooting while the victim was in pain and undergoing medical treatment in the ambulance (People v Johnson, 1 NY3d 302, 306 [2003]; see also People v Diaz, 21 AD3d 58, 67 [1st Dept 2005], appeal dismissed 7 NY3d 831 [2006]). To the extent that the officer elicited information from the victim, his efforts were directed toward obtaining a description of defendant to assist in the ongoing emergency which, at that time, involved apprehending an armed man on the run (see People v Nieves-Andino, 9 NY3d 12, 15-16 [2007]). Defendant's arguments regarding the admissibility of the officer's testimony on redirect is unpreserved and, in the alternative, unavailing, and we decline to review them in the interest of justice.
Defendant did not preserve his claim that the court failed to state the correct standard for proof in its instructions to the jury, and we decline to review this claim in the interest of justice. As an alternative holding, we find no basis for reversal. The reasonable doubt instructions, viewed as a whole, conveyed the proper standards, and nothing in these instructions was constitutionally deficient (see generally People v Antommarchi, 80 NY2d 247 [1992]).
Defendant has not preserved his claims regarding the verdict sheet and jury instructions. Defendant's initial reservation about the verdict sheet was ameliorated by the Court's clarifying jury charge to which defendant made no further objection (see People v Macon, 186 AD3d 430, 431 [1st Dept 2020], lv denied 35 AD3d 1114 [2020]; People v Azam, 135 AD3d 654, 654 [1st Dept 2016], lv denied 27 NY3d 991 [2016]). Were we to consider the matter in the interest of justice, we would find that the trial court's instructions, on the whole, adequately explained [*2]the defense of justification, and "convey[ed] that acquittal of a greater charge precludes consideration of lesser offenses that are based on the same conduct" (People v Macon, 186 AD3d at 430, citing People v Velez, 131 AD3d 129, 130 [1st Dept 2015]).
Based on the record before us, we find that defendant received effective assistance of counsel under state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant's claim that trial counsel was ineffective for failing to include a robbery justification defense is unsupported by the record. There was "no credible evidence that defendant reasonably believed [the victim] was committing or attempting to commit a robbery" (People v Cardamone, 287 AD2d 407, 407 [1st Dept 2001], lv denied 97 NY2d 702 [2002]).
Defendant's argument that the trial court failed to include an additional qualification in its Law Enforcement Officer Safety Act (LEOSA) instruction is waived and otherwise unpreserved, and we decline to address it in the interest of justice. Trial counsel agreed to the court's proposed remedy and proposed no specific charge of his own (see People v Azaz, 10 NY3d 873, 875 [2008]; People v Coleman, 64 AD3d 787, 787 [2d Dept 2009], lv denied 13 NY3d 835 [2009]).
Defendant's argument that the court erred in charging both attempted first-degree assault as against the first victim, and second-degree assault as against the bystander based on transferred intent, is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that defendant's reliance on People v Dubarry (25 NY3d 161 [2015]), is misplaced. Here, unlike in Dubarry, the application of transferred intent was appropriate because there were two victims and the mens rea for the two charges properly addressed the intent which resulted in injury to each of the victims.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025