People v Wisdom

2026 NY Slip Op 02611

April 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Khalid Wisdom, Appellant.

Decided and Entered: April 28, 2026

Ind. No. 70678/22|Appeal No. 6482-6482A|Case No. 2023-03558, 2025-01343|

Before: Webber, J.P., Mendez, Rodriguez, O'Neill Levy, Michael, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Molly Booth of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered June 16, 2023, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12 years, unanimously affirmed. Order, same court and Justice, entered on or about November 7, 2024, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Based on the trial record, submissions, and testimony on defendant's CPL 440.10 motion, we find that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]), and that the court properly denied the motion. In light of the overwhelming evidence of defendant's guilt, defendant has not established prejudice in either a state or federal ineffective assistance claim (see People v Stultz, 2 NY3d 277, 283-284 [2004]). Considering the video evidence, which tracked defendant from the shooting to a bodega where he was fully visible, defendant was repeatedly advised to take the People's beneficial plea offer, which encompassed not only the instant charges but those in another case. Despite the urgings of counsel and defendant's possession of a copy of the video evidence, defendant remained stubborn in his desire for a lesser sentence than the People were willing to offer. His determination not to heed counsel's advice in no way constitutes ineffective assistance. In addition, defendant failed to preserve his argument that counsel was ineffective for failing to make a CPL 30.30 speedy trial motion, although we note that even considering the argument, the People did not exceed the required 181 days.

The court did not abuse its discretion in rejecting counsel's request for a missing witness charge (People v Diaz, 21 AD3d 58, 69 [1st Dept 2005], appeal dismissed 7 NY3d 831 [2006]). As the uncalled witness had been indicted for his role in the incident and was highly likely to invoke the Fifth Amendment privilege, which was supported by his lawyer's indication that he would not accept a subpoena, a missing witness charge would have been inappropriate (People v Rodriguez, 38 NY2d 95, 100 [1975]).

The court correctly declined to give the jury the circumstantial evidence charge, because the case did not rest exclusively on circumstantial evidence. The surveillance video provided direct evidence of defendant's guilt (see People v Hardy, 26 NY3d 245, 249-251 [2015]; People v Harris, 199 Ad3d 497, 498 [1st Dept 2021], lv denied 38 NY3d 928 [2022]).

[*2]

The court's determination not to afford defendant a hearing on his claim of actual innocence based on newly discovered evidence was likewise a provident exercise of the court's discretion (People v Wright, 27 NY3d 516, 520 [2016]). As a preliminary matter, none of the proffered evidence was new. Given the overwhelming evidence of defendant's guilt and the overall nature of the evidence, it was highly unlikely to change the result (People v Velasquez, 143 AD3d 126, 131-132 [1st Dept 2016], lv denied 28 NY3d 1189 [2017]; CPL 440.10[1][g]).

We find the sentence imposed was appropriate given the facts and circumstances presented.

We have considered defendant's remaining arguments, including those raised in his pro se supplemental brief, and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 28, 2026